IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

OMAR MUNOZ                                                                    PLAINTIFF


v.                                      Civil No. 5:20-cv-05216

KARAS HEALTH CARE; and                                              DEFENDANTS
NURSE JOLANA WILSON

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to inform the Court of any changes in his address. Additionally, Defendants have filed a Motion to Dismiss (ECF No. 19) based on these same grounds.

## I. DISCUSSION

Plaintiff, Omar Munoz, filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). Plaintiff was incarcerated in the Washington County Detention Center ("WCDC") when he filed his Complaint (ECF No. 1).

When he filed this case, Plaintiff was specifically advised (ECF No. 3) that he was required to immediately inform the Court of any change of address. If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

1

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(emphasis added).

In a Motion to Stay (ECF No. 16), Defendants advised the Court that Plaintiff had been released from incarceration on March 25, 2021.  On April 28, 2021, mail was returned to the Court (ECF No. 18) with the notation that Plaintiff was no longer in the WCDC.  Plaintiff had thirty days to advise the Court of his new address.  The new address was to be provided to the Court by May 28, 2021.

On June 16, 2021, Defendants filed a Motion to Dismiss (ECF No. 19).  Defendants state that they have been unable to effect service of correspondence and discovery requests on the Plaintiff.

To date, Plaintiff has not provided a new address or contacted the Court in anyway.   The last documents filed by the Plaintiff were his Amended Complaint (ECF No. 8) and his Motion to Proceed IFP (ECF No. 9).  Both documents were filed on January 27, 2021.  Plaintiff was apparently released from incarceration on March 25, 2021.  Plaintiff has not complied with the Order (ECF No. 3) of the Court or Local Rule 5.5(c)(2).  Defendants have been unable to correspond with Plaintiff or conduct discovery in this case.

## II.  CONCLUSION

For these reasons, it is recommended that Defendants' Motion to Dismiss (ECF No. 19) be **GRANTED and this be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of June 2021**.**

/s/ *Christy Comstock*
_____
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3